## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LENNOX PHILLIPS,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:15-cr-0043 |

### ORDER

**BEFORE THE COURT** is the *pro se* Letter of Lennox Phillips ("Phillips"), filed on December 18, 2020, which the Court construes as a motion for compassionate release or reduction in sentence. (ECF No. 65.) The United States ("the Government") filed an opposition to the motion on February 12, 2021. (ECF No. 67.) For the reasons stated below, the Court will deny the motion without prejudice.

On Dec. 8, 2015, the Court accepted Phillips' plea of guilty to one count of coercion or enticement of a minor, in violation of 18 U.S.C. § 2423(a). On August 11, 2016, the Court sentenced Phillips to a term of incarceration of 130 months, to be followed by a ten-year term of supervised release. On January 26, 2017, the Court amended the term of incarceration to 115 months and additionally imposed restitution as part of the judgment.

On December 18, 2020, Phillips filed a Letter that the Court construes as a motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 65.) In his letter, Phillips asserts that this is his first offense and asks that the Court "take pitty" on him "to serve less time in prison." *Id.* at 1-2.

On February 12, 2021, the Government filed an opposition to Phillips' motion. (ECF No. 67.) In its opposition, the Government asserts that Phillips "has not exhausted his administrative remedies." *Id.* at 3.

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that

the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Phillips does not assert that he requested the BOP to move for sentence reduction on his behalf and the Government argues that Phillips has not made such a request. Accordingly, the Court finds that Phillips has not satisfied Section 3582(c)(1)(A)'s exhaustion requirement. As such, the Court cannot consider the merits of Phillips' motion.

The premises considered, it is hereby

**ORDERED** that Phillips' motion for compassionate release or sentence reduction, ECF No. 65, is **DENIED** without prejudice.

**Dated:** February 19, 2021                     s/ *Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **District Judge**